# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**EDWARD SIMMONS (#103371)**                           **CIVIL ACTION NO.**

**VERSUS**                                                               **21-706-SDD-SDJ**

**JAMES LeBLANC, ET AL.**

## <u>ORDER</u>

Before the Court is a Motion to Vacate Pauper Status filed by Defendant James LeBlanc.[1] The Motion is opposed.[2]  For the following reasons, the Order granting pauper status is vacated,[3] the Motion seeking paper status is denied,[4] and Plaintiff shall pay the full filing fee as directed herein.

Plaintiff, Edward Simmons, who is representing himself and confined at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, instituted this action on or about December 9, 2021.[5] He was originally granted authorization to proceed as a pauper on December 23, 2021.[6]  However, as argued by Defendant, Simmons was never entitled to proceed as a pauper.  28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] R. Doc. 14.
[2] R. Doc. 18.
[3] R. Doc. 3.
[4] R. Doc. 2.
[5] R. Doc. 1.
[6] R. Doc. 3.

Plaintiff has now, on three or more prior occasions while incarcerated, brought actions or appeals in the federal court that have been dismissed as frivolous, malicious, or for failure to state a claim.[7] Further, Plaintiff's third strike was entered approximately three months prior to the filing of this lawsuit.[8]

An inmate who has had three prior "strikes" may still qualify to file a new civil action *in forma pauperis* upon a showing of imminent danger.  However, this exception does not provide a basis to avoid application of the three-strikes rule based on allegations of past harm.[9]  An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury."[10]  The possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger.[11]  The imminent danger claimed by the inmate must also be real, and not merely speculative or hypothetical.[12]

Plaintiff's claims herein consist solely of past harms.  Plaintiff complains that in May, June, and July of 2021, he was attacked by other inmates.[13]  He appears to argue that, because he was the subject of other inmate violence more than one time, he has satisfied the imminent danger

---

[7] Cases filed by Plaintiff that have been dismissed by this Court as frivolous or for failure to state a claim include, but are not limited to, *Simmons v. Foti, et al.*, No. 98-1332 (E.D. La. 1998); *Simmons v. La. Dept. Public Safety & Corr.*, 697 Fed.Appx. 345 (5th Cir. 2017); *Simmons v. LeBlanc*, No. 21-378 (M.D. La. 2021).

[8] *Simmons v. LeBlanc*, No. 21-378 (M.D. La. 2021).  Additionally, the Fifth Circuit gave Simmons another strike on May 23, 2022.  *Simmons v. LeBlanc*, No. 21-30610 (5th Cir. 2021).  Dismissals without prejudice count as strikes under the PLRA.  *Patton v. Jefferson*, 136 F.3d 458, 463-64 (5th Cir. 1998).  Finally, though Plaintiff argues that dismissal for failure to exhaust does not count as a strike—this is incorrect.  *See Emmett v. Ebner*, 423 Fed.Appx. 492, 493-94 (5th Cir. 2011) (noting that dismissal for failure to exhaust administrative remedies counts as a strike for purposes of § 1915(g)).

[9] *Banos v. O'Guin*, 144 F.3d 883, 884–885 (5th Cir. 1998).

[10] 28 U.S.C. § 1915(g).

[11] *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (holding that "the exception refers to a 'genuine emergency' where 'time is pressing.'").

[12] *Davis v. Stephens*, No. 14–10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times).

[13] R. Docs. 1, pp. 5-6; 18, pp. 2-3.

requirement because multiple attacks demonstrate that security is deliberately indifferent to Plaintiff's safety.  However, these harms occurred in the past, approximately one month apart from one another, and do not pose a current threat to Plaintiff's safety and are, thus, insufficient to demonstrate imminent danger of serious physical injury.[14]  Plaintiff also states that he was placed "on the Unit C.C.R. Tier for protection," which further demonstrates that Plaintiff is not in imminent danger of serious physical injury because prison personnel have taken steps to ensure his safety.[15]  Finally, Plaintiff's complaints regarding false disciplinary reports, retaliation, denial of due process, and denial of access to the courts do not implicate Plaintiff's well-being at all.[16]  Accordingly, Plaintiff's allegations are insufficient to demonstrate imminent danger of serious physical injury so as to allow him to benefit from the exception provided in § 1915(g).

The express purpose of 28 U.S.C. § 1915(g) is to deter frivolous prisoner filings in federal courts.[17]  "The limited exception provided in subsection (g) for imminent danger of serious physical injury operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury."[18]  Plaintiff fails to show that his circumstances warrant an exception.  This Ruling does not prevent Plaintiff from pursuing his claims in federal court, it merely denies him the privilege of doing so without paying the full amount of the Court's filing fee.

Accordingly,

---

[14] *Banos*, 144 F.3d at 884–885.

[15] R. Doc. 18, p. 4.

[16] R. Docs. 1 & 16-1.  Though the request for leave to amend is denied without prejudice to re-urging, the Court has considered the allegations of the amended complaint in making a determination regarding imminent danger.

[17] *Castillo v. Bickham*, No. 14-2917, 2015 WL 251708, at *3 (E.D. La. Jan. 20, 2015), citing *Ball v. Famiglio*, No. 11-1834, 2015 WL 136568, at *4, quoting *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 318–19 (3d Cir. 2001).

[18] *Castillo*, 2015 WL 251708, at *3.

IT IS ORDERED that the Motion to Vacate Pauper Status[19] filed by James LeBlanc is

GRANTED, and the Order of this Court (R. Doc. 3), pursuant to which Plaintiff was granted *in*

*forma pauperis* status in the above-captioned proceeding, is VACATED.

IT IS FURTHER ORDERED Plaintiff's Motion to Proceed *in Forma Pauperis*[20] is

DENIED.

IT IS FURTHER ORDERED that Plaintiff shall pay $402.00, the full amount of the

Court's filing fee by no later than September 5, 2023.  The filing fee must be paid in full in a

single payment.  No partial payments will be accepted.

IT IS FURTHER ORDERED that all other pending Motions[21] are DENIED as premature

and without prejudice to re-urging should Plaintiff pay the fee owed.

Failure to pay the Court's filing fee by September 5, 2023, will result in the dismissal

of Plaintiff's action without further notice from the Court.

Signed in Baton Rouge, Louisiana, on August 15, 2023.


_____

SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

[19] R. Doc. 14.
[20] R. Doc. 2.
[21] R. Docs. 15, 16, & 17.